IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2002

## STATE OF TENNESSEE v. NKOBI I. DUNN

**Direct Appeal from the Criminal Court for Washington County**
**No. 25433**

---

**No. E2001-02120-CCA-R3-CD**
**DECEMBER  23, 2002**

---

James Curwood Witt, Jr., J., concurring.

I write a separate concurring opinion to point out and review certain important facets of the appellate record in this case.  The record reflects that the defendant's guilty pleas were "open"; they did not contain any specified sentences pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C).  *See* Tenn. R. Crim. P. 11(e)(1)(C) (providing for an agreement between defendant and state "that a specific sentence is the appropriate disposition of the case").   Had the plea agreement contained specific, properly articulated sentencing provisions pursuant to Rule 11(e)(1)(C), they may have survived the revocation of judicial diversion probation, depending upon the terms as accepted by the court.  *See State v. Hollie D. Campbell,*  No. E2000-00373-CCA-R3-CD (Tenn. Crim. App., Knoxville,  July 2, 2001) (Witt, J., concurring), *perm. app. denied* (Tenn. 2001); *see also* Tenn. Code Ann. § 40-35-203(b) (1997) (dispensing with requirement of sentencing hearing when sentence is agreed upon and accepted by trial court); *accord id.* § 40-35-205(d).  However, the trial court, having apparently received and accepted open pleas made in conjunction with the diversion provisions of Tennessee Code Annotated section 40-35-313(a), was positioned and obliged, after revocation of the judicial diversion probation, to resume the case at the pre-diversion point of departure.  This means that, following the revocation, the court's next task was to conduct a sentencing hearing.  Tenn. Code Ann. §§ 40-35-203(a) (1997), -209(a) (Supp. 2002).

Perhaps the lower court's practice of entering judgments following the acceptance of the pleas and the grant of judicial diversion misled that court, after revocation, into presuming that sentences had already been imposed.  The appellate record reflects that, with respect to each offense to which the defendant pleaded guilty, the court entered a judgment on a standard, Tennessee Supreme Court Rule 17 judgment form, as modified by the trial court.  The modifications included inserting the word "Expungement" in the caption before the word "Judgment" and the notation that the guilty plea was made "pursuant to T.C.A. 40-35-313."  On the misdemeanor "judgment," the court appears to have *imposed* a sentence of eleven months, 29 days on probation.  On the felony

"judgment," the court appears to have *imposed* a sentence of three years on probation.[1] Following the entry of these "judgments," the court entered a judicial diversion probation order; however, that order reflects that the defendant had been "sentenced."

Obviously, the trial court must enter an order to effect the terms and conditions of judicial diversion and to sanction discharge of the proceedings and possible expungement of the record should the probation terms be satisfied. *See id.* § 40-35-313(a)(1)(A), (b) (2002). However, pressing a Rule 17 judgment form, as modified, into serving as such an order may be disingenuous. The Rule 17 judgment form is to be utilized to effect a judgment of conviction. Tenn. R. Crim. P. 32(e). It sets forth not only the plea but also the "verdict or findings, and the adjudication and sentence." *Id.*; *see also* R. Tenn. Sup. Ct. 17 (judgment shall be prepared for each *conviction*). Thus, the use of a judgment that imposes a conviction and a sentence conflicts with the scheme of judicial diversion; Code section 40-35-313(a)(1)(A) provides that after a verdict or plea of guilty, the trial court defers or diverts the proceedings "without entering a judgment of guilty." The use of an order aptly drafted to grant judicial diversion and to reflect the scheme of section 40-35-303(a)(1)(A) would have better assisted the trial court in returning to the point of departure, following the diversion hiatus. In any event, convictions and sentences should not be *imposed* prior to the grant of judicial diversion.

I join in the majority opinion because, in light of the whole record, I view the "Expungement Judgments" to be the lower court's attempt to enter judicial diversion orders, rather than conviction judgments that imposed specific, probated sentences. Viewed in that light, the sentencing terms in the judgments are essentially nullities, especially when the record contains neither plea-agreement provisions for sentences nor, in the alternative, any indication that a pre-probation sentencing hearing was held or waived.

_____
James Curwood Witt, Jr., Judge

---

[1] The inclusion of specific sentences in the "judgments" could indicate that sentencing proposals were made as part of a plea agreement; however, the record contains no indicia of plea agreement terms beyond the open guilty plea document, and there is no indication of a plea-submission hearing.